Good morning, my name is Chris Murray. I'm the attorney for the plaintiff's appellants. This action became necessary because two officials of the Village of Roslyn Harbor, Stephen Feldman and Maria Wolfson, could you could you pull the mic a little closer? I'm having a little bit of a hard time. Sure. Thank you. Stephen Feldman and Maria Wolfson engaged in a months, if over a year long campaign of... Yeah, but what I'm unclear about, because you're not, as I read your brief, but correct me if I'm wrong, the liberty interest, the only liberty interest that you are raising here on this appeal, is the right to quiet enjoyment of the home. Right. So... It's a property. Some of the other stuff, for example, how does the fact, disgusting though it may be if it's true, that someone mocked the accent of one of the appellants affects your right to the quiet enjoyment of your property? Because I think it was all intertwined into this course of conduct. And for example, when they were being mocked, the accent was when the husband was going to the building department to try to look at his file with regard to what had been filed, an application that had been filed. So the only reason they would have any interaction with the person that was mocking their accent was because of their property. So I think it's, and that's why I think this is really a substantive due process, because you have to look at the cumulative effect of the conduct of these officials towards these people, which all related to their ownership of property. One of the things I'm struggling with, and by the way, I think if you raise the lectern just a little bit, that the mic will be a little closer to your mouth. There's a there's a little button there. We'll give you a little extra time because of my taking this time to do that. Yeah, there you go. I think that'll just enable me to hear you a little better. Thank you. The thing that I'm struggling with, I look at the Who versus City of New York case, and what I understand that to say is when we have substantive due process claims, but there's another provision of the Constitution that would be a more spot on framework for evaluating that claim, then it's essentially subsumed into that other section. We reserve substantive due process for claims that don't really have another constitutional home. And so I'm trying to figure out, because everything you're saying seems so equal protection to me. Well, it is equal protection except for, well, I'm sorry, it's not equal protection. It doesn't fit with any one constitutional provision. Like the cases that were cited by the District Court was excessive force or search-and-seizure, and they've said that well, there's a Fourth Amendment for that. Here there's conduct with regard to ethnicity, with regard to filing violations, with regard to making statements to a potential purchaser that was just outright false, by engaging in threatening conduct to an elderly woman who had cancer. It was just, so it's a again, I think there was a couple cases that were cited that were in, I think, the 10th or 11th Circuit, where you look at the cumulative effect of that conduct, and does the cumulative effect of that conduct interfere with their property rights? And so I don't think there's any one, and if you look at each incident in isolation, it probably doesn't reach the level of a constitutional violation. So, I lot of the incidents you mentioned don't have anything to do, if looked at in isolation, with the enjoyment of their property. It's, so you're saying, well, but they color how you look at the rest. Maybe, but the, they, independently, they don't support your claim. Well, I don't agree. I do think each of the incidents deal with their property. He would not be going to the village hall and being mocked for his accent, and trying to get into the village hall, if it wasn't good to go look for his, the building file, because he was told to go do that. The building inspector would not be at the home, yelling at the woman, at that time, if it wasn't for her ownership, the ownership of the property. Everything. There isn't, like, complete isolation, that he was walking down the street, and he sees them, and he calls them names, or they do something that is separate. How does, how does the fact that they got less for their home than they would otherwise have gotten, according to your effect, the quiet enjoyment of their property? The ability to sell the property, to sell the property, because they went, the potential buyer went to the village hall, said he was thinking about buying the property, and then they said, oh, you don't want to buy that property. It has all these violations. It's going to cost you all this money to fix it up, or to make it code compliant, which was just completely false. And then, it was so outrageous, they hired a private detective to go in and pose as a what was happening, and he was told the same thing. This was, and you got to understand, this was a pre-answer motion to dismiss. None of the factual record has been developed. I think there was a clearly enough stated to show that there's a potential substantive due process claim, and the court was in error to dismiss it at the pleading stages. But if the theory, I mean, putting aside, is that enough to show outrageousness to satisfy, and accumulating everything? It's not, oh, they had a work-stop order. Collectively, there was a series of conduct that was, in the allegations, designed to drive your folks out of their home, essentially. And it was, does it matter whether it was motivated by their ethnic origin? Is that? I don't think it's, if it's, for substantive, it's got to be arbitrary and extreme. It doesn't, the motivation is not an element. I'm just trying to, I'm just trying to think through which constitutional provision or provisions this lives in most comfortably, mindful that substantive due process is kind of reserved for the narrow class that lives somewhere else. And I'm trying to figure out why this isn't an equal protection, whether it's a class of one or national origin, as the right framework. Well, the equal protection, you'd have to show a similarly situated person who is having the same work done. It's just an impractical standard for an equal protection claim. And it's also, you would have to show it's motivated by race, as opposed, or ethnicity, as opposed to, in this case, it very well had been motivated by the fact that they pissed this guy off, excuse the language, when they challenged his determination on the tree permit. So I'm going to... Can I ask a much more narrow question, just because one thing I was unclear about. The October 2020 stop work order imposed by Fellman for adding topsoil without a topical survey. Are you saying that that was outside Fellman's authority? No, I think what that led to the situation when they came to the home and started yelling at the woman. Okay, so that, I was to say it's just narrow. That specific determination was within Fellman's authority. It was. I mean, there was issues as to whether it was arbitrary in and of itself, because they were downhill, and whether it was needed. But that's what he does. But that's why, again, the substance of due process is what makes sense to me, because there are things that are clearly wrongful conduct that interfered with their property rights, but don't necessarily fit within procedural due process, or equal protection, or any other of the constitutional provisions. So that is why I believe that under the, what this court has held before, is that you look at the conduct, and the conduct is arbitrary and is designed to interfere with the property right, then the substance of due process claim has been And again, this is just a motion to dismiss. The factual record hasn't been fully developed, and I think that's a plausible claim for a substance of due process. Okay, we get to hear from you again in rebuttal. So, thank you. Thank you. Mr. Stern. May it please the court, Steven Stern, Sokoloff Stern, LLP, for Appellees Roslyn Harbor, Thelman, and Wolfson. Your Honors, to state an equal protection claim, the plaintiff needs to show that the person, compared with others similarly situated, was selectively treated, and two, the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person, and that's under the Who versus City of New York case. That's exactly what the plaintiff pleaded here. The first cause of action was an equal protection claim. They alleged that because they are of Iranian descent, they were mistreated. Obviously, the underlying factual allegations are disputed by my clients, but that's not for this argument. So, the plaintiffs claim that either they were just discriminated against, they were treated differently than other property owners, and there were identified property owners in the pleading because of their national origin, or to punish them for the exercise of their constitutional rights. Effectively, the petition for redress of grievances several years earlier with respect to the tree permits, or as the standard... And they didn't appeal the dismissal of that? I'm sorry? They did not appeal the dismissal of that? Not only did they not appeal the dismissal of the equal protection claim, Judge Ross gave them the opportunity to specifically replead that claim to bolster it with more information about the comparators, but they declined to do that. Now, how do you distinguish this court's decision in, I'm not quite sure how it's pronounced, but Sine S-K-8, versus Town of Henrietta, where we reverse the grant of summary judgment to defendants on a substantive due process claim, because we held that there was a genuine dispute whether a town board amended a previously awarded special-use permit in a procedurally irregular manner tainted by racial animus? Well, that was different because there the plaintiff had a property interest, and this goes to what would be my next argument on the interest. They had a property interest in a special permit. There's no such property interest here. The plaintiff, at best, alleges that they were subjected to a summons for... Actually, the initial summons that they were guilty to, that they were denied entry into Village Hall. No, you're breaking those down into individual acts. The theory of the case here is that, collectively, these acts reflect an effort to drive them out of their home. That's a property interest, isn't it? No, Your Honor. I don't think it's a property interest in and of itself. The implicated a property interest. At best, the plaintiff claims that a defamatory statement was made by Ms. Wolfson that effectively reduced the price of the home for their buyer, but collectively, there's no... The barring an individual from entering Village Hall did not affect their interest in the property itself. Why isn't the diminution in the value of their property resulting from the defamatory statements? Why isn't that a property interest? The defamatory statements themselves are separate. The interest in the property that they had at the time was not affected. I don't believe the purchase price itself is a property interest. They didn't have a clear entitlement to obtain a certain value upon selling the house. Presumably, that diminishes the market value of the house, right? If the market is told falsely that there are problems with the house, at least at the pleading stage, it doesn't seem like a stretch to assume that the consequence of that conduct is a diminution in the value of the house. In the context of defamatory statements, it's generally analyzed as a liberty interest claim, and there has to be some governmental act, a material state-imposed burden in order to satisfy that. I get that, but can't it also be a component of a course of outrageous conduct that fits within a substantive due process claim? I guess that's what I'm trying to figure out. No, Your Honor, the outrageous, this Court has held that discriminatory comments and far more outrageous conduct than, you know, misrepresenting the value of a home or misrepresenting whether or not there's outstanding violations on a home did not satisfy that very high threshold for outrageous conduct. I don't believe that this case comes close to those cases where, those few cases, those rare cases where the courts have held that the outrageous conduct threshold is satisfied. And turning back to the original discussion, in addition to equal protection, which by the way, equal protection was the first pleaded claim, the procedural due process claim is identical to, identically pled to their substantive due process claim. And with respect to the summonses and the violations, plaintiff's claim falls much more squarely within procedural due process. So, you know, effectively they pleaded procedural and equal, procedural due process and equal protection, which is really where this case has had its home. As I understand the appellant's argument regarding using substantive due process here at this stage, I understand that they're arguing that because they couldn't satisfy the threshold of an equal protection or procedural due process claim, they should effectively get a do-over with, with substantive due process. And that's not how I understand that substantive due process works. Is it a do-over or is it just saying, to the extent that the principle is a claim that fits more squarely within another constitutional provision needs to be adjudicated within that other constitutional provision, but if it doesn't actually fit squarely within that other constitutional provision, that's what substantive due process is for? Well, as I understood Mr. Murray a little while ago, he indicated that it was very difficult to prove an equal protection claim because you have to find similarly situated property owners, but that's exactly what they pled here. I mean, the crux of this case is, as it was pled, was that they were treated differently than others because of their national origin and an intent to punish them for the exercise of their constitutional rights. So if instead of, let's say they amended their pleading and they didn't say that, they just said they treated us outrageously to try to drive us out of our home, didn't venture into any territory about why that happened, would that be a substantive due process for them? It falls within equal protection. A malicious bad faith to injure is one of the prongs within the second component of the selective enforcement claim. That's exactly what they've alleged here. They allege there were two purposes. The two purposes were to punish them for the exercise of their right to petition and to punish them or to selectively treat them based upon their national origin. Right. No, I'm just, I was trying to get you to engage in a hypothetical with me that wasn't their actual complaint here. And if the complaint had alleged all the same conduct, but hadn't ventured into allegations about why, it'd be a little harder for us, or maybe it wouldn't, to say, oh, this was really properly, should be litigated as an equal protection claim. I don't see that it reaches the threshold for outrageousness. And I still don't see that it really alleges the deprivation of a property interest, a clear entitlement, Your Honors. If you have no further questions, I think that I'm finished here. Thank you. Thank you. Just touching on the last point. The problem with this case is there's isolated instances in and of themselves that don't rise to a level of a constitutional violation under an 81 provision, but cumulatively violates the substantive due process. That's exactly what substantive due process is for, and that is what was alleged. The fact that the pleading, you can plead alternative theories in a pleading, it doesn't preclude it. Substantive due process, as the case law makes clear, is a very limited category. It's been so abused historically that the Supreme Court finally came to the realization that it had to be very narrowly construed. And so the fact that you don't allegedly fit within some of the else, that's a first step, but that doesn't get you all the way. Right. It has to be arbitrary and outrageous conduct. And I would just cite this court's decision, O'Connor v. Bison, where they found that the release of medical records was a substantive due process. It was sufficient to sustain a substantive due process claim. Also, this court has previously held that the taking of contractors' tools was a substantive due process claim. Here, I find it hard to think that belittling someone's ethnicity, yelling at an ill, older woman, writing up summonses out of thin air, telling prospective purchasers lies about the property, altering, physically altering an application that was submitted to the building department to support what the building department was saying, which was not on the original application. That, to me, strikes me as being sufficiently outrageous to reach the level of a substantive due process claim, especially considering this is just at the pleading stages. The full record hasn't even been developed yet, and I think it's given what was alleged, I think it plausibly states a substantive due process claim that should be moved to discovery. Thank you. I think we have your arguments. Thank you both. We'll take it under advisement.